UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ROBIN ABRANTES ,Administratrix of the )
ESTATE OF GLORIA ABRANTES, )
ROBIN ABRANTES Individually, )
MANUEL J. ABRANTES, Individually, and )   MAGISTRATE JUDGE _Collings_
MANDY ABRANTES, Individually, )
)
          Plaintiffs )
)
)
VS )
)
)
DIANE ANDREWS )
          Defendants )
)

RECEIPT # _59946_
AMOUNT $ _150_
SUMMONS ISSUED _yes_
LOCAL RULE 4.1_
WAIVER FORM_
MCF ISSUED_
BY DPTY CLK _r.o.m_
DATE _11/04/04_

## COMPLAINT

NOW COME the plaintiffs, Robin Abrantes, Individually and as the Administratrix of the Estate of Gloria Abrantes, Manuel J. Abrantes, Individually and Mandy Abrantes, individually, and allege and state the following cause of action:

## JURISDICTION

1.    The plaintiff, Robin Abrantes, is the mother of the deceased and is a resident of the State of Massachusetts, residing at 122 Reney Street, Fall River, Massachusetts 02720.

2.    The plaintiff, Manuel J. Abrantes, is the father of the deceased and is a resident of the State of Massachusetts, residing at 3126 N. Main Street, Fall River, Massachusetts 02720.

3.    That the plaintiff, Mandy Abrantes, is the sister of the deceased and is a resident of the State of Massachusetts, residing at 122 Reney Street, Fall River, Massachusetts 02720.

4.    That the defendant, Diane Andrews, is a resident of the State Rhode Island.

5.    That the jurisdiction of this court is based on diversity of the parties. The amount in controversy is in excess of Seventy-Five Thousand Dollars $75,000.00.

# FACTS

6.     That on or about August 13, 2004, the deceased plaintiff, Gloria Abrantes was a passenger in a vehicle owned and operated by the plaintiff, Mandy Abrantes, who was traveling East on Route 6 in Westport, Massachusetts. A vehicle owned and operated by Diane Andrews, negligently turned into the travel lane of the plaintiff Mandy Abrantes, colliding head on with her vehicle resulting in a collision, killing Gloria Abrantes and seriously injuring Mandy Abrantes.

# COUNT I

7.     The Plaintiffs hereby allege and reallege the allegations contained in Plaintiff's Complaint as if fully stated herein

8.     The aforesaid collision was directly caused by the negligence and recklessness of the defendant, Diane Andrews.

9.     At all times material hereto, the plaintiff was in the exercise of due care.

10.    That as a direct result and proximate cause of the defendant, Diane Andrews', carelessness, negligence and recklessness in the operation of said motor vehicle, the deceased, Gloria Abrantes, was caused to suffer serious injuries to both her body and mind. As a further direct and proximate result of the negligence of the defendant, Diane Andrews, the deceased was caused to suffer great physical pain and mental anguish, medical expenses, care and attendance, and ultimately died on August 17, 2004. That the plaintiff was further caused to suffer funeral and burial expenses.

## COUNT II
### Loss of Consortium

11.    The Plaintiffs hereby allege and reallege the allegations contained in Plaintiff's Complaint as if fully stated herein.

12.    As a direct and proximate result of the Plaintiff, Gloria Abrantes' injuries resulting in her death, the plaintiff, Robin Abrantes, was caused to suffer the loss of companionship, comfort and support of her daughter, Gloria Abrantes.

*WHEREFORE*, the plaintiff, Robin Abrantes, demands the following:

1.     Judgment against the defendants, Diane Andrews;

2.     Such other relief as this Honorable Court deems meet and proper; and

3.     Trial by jury.

## COUNT III
### Loss of Consortium

13.    The Plaintiffs hereby allege and reallege the allegations contained in Plaintiff's Complaint as if fully stated herein.

14.    As a direct and proximate result of the Plaintiff, Gloria Abrantes' injuries resulting in her death, the plaintiff, Manuel J. Abrantes, was caused to suffer the loss of companionship, comfort and support of his daughter, Gloria Abrantes.

   *WHEREFORE*, the plaintiff, Manuel J. Abrantes, demands the following:

   1.    Judgment against the defendants, Diane Andrews;

   2.    Such other relief as this Honorable Court deems meet and proper; and

   3.    Trial by jury.

## COUNT IV

15.    The Plaintiffs hereby allege and reallege the allegations contained in Plaintiff's Complaint as if fully stated herein.

16.    The aforesaid collision was directly caused by the negligence and recklessness of the defendant, Diane Andrews.

17.    At all times material hereto, the plaintiff Mandy Abrantes was in the exercise of due care.

18.    That as a direct result and proximate cause of the defendant, Diane Andrews', carelessness, negligence and recklessness in the operation of said motor vehicle, the plaintiff, Mandy Abrantes, was caused to suffer serious injuries to both her body and mind. As a further direct and proximate result of the negligence of the defendant, Diane Andrews, the plaintiff was caused to suffer physically injured, suffers permanent injury, did experience and continues to experience great pain and suffering and incurred and continues to incur financial expense and lost wages.

*WHEREFORE*, the plaintiff, Mandy Abrantes, demands the following:

1.    Judgment against the defendants, Diane Andrews;

2.    Such other relief as this Honorable Court deems meet and proper; and

3.    Trial by jury.

By her attorneys,
BRIAN CUNHA & ASSOCIATES


Brian R. Cunha, Esquire
311 Pine Street
Fall River, MA  02720
(508) 675-9500
BBO No: 108560


DATED:    October 1, 2004